## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:   Case No. 22-14583-SMG
         Chapter 13

MARISA CHANILE SMITH,

_____Debtor_____/

## MOTION FOR RELIEF FROM STAY

Interested Party Shoma Homes at Nautica Single Family Neighborhood, Inc. ("Shoma") files this Motion for Relief from Stay and states as follows:

### I.  BACKGROUND

**A.  Jurisdiction and Venue**

1. Marisa Chanile Smith (the "Debtor") commenced this proceeding by filing a voluntary Chapter 7 petition on June 14, 2022 (the "Petition Date").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157(b) and 1334.

3. This matter is a core proceeding pursuant to 28 U.S.C §157(b)(2)(G), as this motion seeks clarification and/or termination of the automatic stay.

**B.  The Foreclosure Lawsuit**

4. The Debtor held an ownership interest in the real property located at 3809 S.W. 164th Terrace, Miramar, Florida 33027 (the "Property"). The Property contains the following legal description:

> LOT 41, BLOCK 8, OF NAUTICA PLAT, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 164, PAGE 36, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA

5. The Property is located within Shoma's homeowners' association.

6. On September 23, 2022, Shoma filed an action in Broward County Circuit Court

to foreclose a mortgage it held against the Property (Case No. CACE-20-015682) (the "Foreclosure Action").

7. On May 25, 2022, the Circuit Court entered a Final Judgment of Foreclosure in favor of Shoma. The Final Judgment found that Shoma held a lien on the property in the amount of $34,186.73. This amount, in addition to post-judgment assessments, fees, costs, and interest remains outstanding. The Final Judgment set a foreclosure sale for June 14, 2022. A copy of the Final Judgment is attached as Exhibit A.

B. **The Prior Bankruptcy Cases**

8. This case is the Debtor's third bankruptcy filing since 2018.

9. The Debtor filed a Chapter 13 petition on October 15, 2018 (Case No. 18-22792-JKO) (the "2018 Case"). The 2018 Case was dismissed on April 3, 2019, upon denial of confirmation of the Debtor's plan [2018 Case, D.E. #34].

10. The Debtor filed a second Chapter 13 petition on October 11, 2019 (Case No. 19-23650-PDR) (the "2019 Case"). The 2019 Case, after being pending for nearly 9 months, was dismissed on August 5, 2020, prior to confirmation of a plan [2019 Case, D.E. #101].

11. The Debtor has difficulty with her own counsel both bankruptcy cases. Her counsel in the 2018 Case filed a motion to withdraw [2018 Case, D.E. #40], which was mooted by the case's dismissal. Her counsel in the 2019 Case filed a motion to withdraw as well, which was granted by the Court [2019 Case, D.E. #96]. The Debtor filed this bankruptcy case pro se.

C. **The Foreclosure Sale and the Filing of this Bankruptcy Case**

12. The foreclosure sale in the Foreclosure Action was scheduled for 10:00 a.m. on June 14th. The sale proceeded as scheduled and was sold to Miretg Investments, Inc. ("Miretg") for $135,000. The auction was completed at 10:48 a.m. through the Broward foreclosure sale website (www.broward.realforeclose.com). A printout reflecting the sale time is attached as

Exhibit B.[1]

13. The Debtor filed this bankruptcy case at 1:31 p.m. on June 14th.

14. The Debtor did not file a suggestion of bankruptcy in the Foreclosure Action or otherwise immediately notify the Court or Shoma of the bankruptcy filing.

15. The Clerk of the Circuit Court issued a Certificate of Sale at 2:04 p.m. on June 14th. A copy of the certificate of sale is attached as Exhibit C.

16. The Clerk has not issued a certificate of title due to this bankruptcy filing.

17. The Debtor has not yet filed schedules or a plan in this case.

18. According to the Broward County Property Appraiser, the Property is valued at $528,410. Since the Debtor has not yet filed schedules, Shoma does not know whether the Debtor has equity in the Property. A copy of the appraisal report is attached as Exhibit D.

## II.    Requested Relief

Shoma requests the Court modify the automatic stay so that the Broward County Clerk may issue a certificate of title to complete the foreclosure sale. In an abundance of caution and to avoid title problems for the purchaser, Shoma requests that relief be entered effective as of the Petition Date.

## III.    Basis for Requested Relief

Relief from the stay is appropriate under 11 U.S.C. § 362(d)(1). A party-in-interest is entitled to relief from stay under § 362(d)(1) for "cause, including the lack of adequate protection of an interest in property of such party in interest." "Whether cause exists to lift the stay must be determined on a case by case basis based upon the totality of the circumstances in each particular case." *In re Mack,* 347 B.R. 911, 915 (Bankr.M.D.Fla.2006). The totality of the circumstances

---

[1] https://www.broward.realforeclose.com/index.cfm?zaction=AUCTION&Zmethod=PREVIEW&AUCTIONDATE=06/14/2022. The highlighted portion of Exhibit B describes the sale of the Property.

includes how the parties have conducted themselves, the debtor's motives and whether the debtor has acted in good faith. *Id.* (citing *In re Little Creek Dev. Co.,* 779 F.2d 1068, 1071 (5th Cir.1986)). Another basis for "cause" is a creditor's lack of adequate protection. *See In re McGaughey*, 24 F.3d 904, 906 (7th Cir. 1994)

The present case was filed in bad faith. This is the Debtor's 3rd bankruptcy case since 2018. The two prior cases were also filed to stop foreclosure sales and were dismissed prior to confirmation. Shoma received less than $3,000 through the two bankruptcy cases and has been struggling for years to enforce its delinquency through the Debtor's litigiousness in state court and repeat bankruptcy filing. This case, which was filed after the Clerk sold the Property at auction and minutes before issuance of a certificate of sale, was filed without schedules or a bankruptcy plan. The Debtor is also not represented by counsel, which will make confirmation of a plan even more difficult. The Debtor clearly filed this bankruptcy case solely to disrupt Shoma's foreclosure sale and not to reorganize.

WHEREFORE, Shoma requests the Court enter an order modifying the automatic stay to permit the Clerk of the Circuit Court to complete the foreclosure sale of the Property and granting such further relief as is deemed just and proper.

HOFFMAN, LARIN & AGNETTI., P.A.
Counsel for Shoma
909 North Miami Beach Blvd., Suite 201
North Miami Beach, FL 33162
T:   305.653.5555
E.   mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.:  41164