UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                              **Case No. 22-14583-SMG**
                                                                    Chapter 13
MARISA CHANILE SMITH,
_____Debtor_____/

**DEBTOR'S VERIFIED RESPONSE IN OPPOSITION TO CREDITOR SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD, INC.'S MOTION FOR RELIEF FROM STAY**

I, the Debtor Marisa Smith hereby files this, my Verified Response in Opposition to Creditor Shoma Homes at Nautica Single Family Neighborhood, Inc.'s Motion for Relief from Stay, and in support hereof states as:

On May 25, 2022, the alleged creditor, Shoma Homes at Nautica Single Family Neighborhood, Inc. ("SHOMA") obtained a pre-petition state court final judgment in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "state Court"), in case number CACE 20-15682. [ECF No. 19-1]. However, prior to the Debtor's June 14, 2022 chapter 13 petition filing, the time to file a motion for rehearing and/or to file an appeal directed at the May 25, 2022 final judgment had not yet expired. Therefore, the execution of said final judgment has been suspended.

Nevertheless, paragraph six (6) of the state Court final judgment scheduled a June 14, 2022 public auction of the Debtor's homestead and primary residence located at 3809 S.W. 164th Terrace, Miramar, Florida 33027. Here, it's extremely important to note that the final judgment un-customarily scheduled the public auction to occur in just 20 days later. Certainly it would be, and in fact was, very difficult for SHOMA to comply with the Florida law that requires publication of a "notice of sale" *once a week for 2*

1

*consecutive weeks*, with the second publication being published at least 5 days before the June 14, 2022 foreclosure auction.

On or about June 6, 2022, the debtor accessed the Clerk of the state Court's website for online judicial sales and discovered that the subject property **was not** scheduled for a June 14, 2022 foreclosure sale, but instead, was scheduled for an August 24, 2022 foreclosure sale date. Thus, because of the difficulties of publishing a notice of sale (for 14 consecutive days) by June 14, 2022, SHOMA and/or the Clerk of the State court, scheduled the foreclosure sale to occur on August 24, 2022 – instead of June 14, 2022 as ordered by the May 25, 2022 final judgment. Copies of the State court Clerk's auctions scheduled for June 14, 2022 (which *does not* include the subject property); and its auctions scheduled for August 24, 2022 (which *does* includes the subject property), are attached hereto as Exhibits A and B, respectively.

On June 9, 2022 (just five (5) days before June 14, 2022 foreclosure sale), SHOMA filed a document purporting to reflect that it [SHOMA] caused the publication of a "notice of sale pursuant to chapter 45". However, the alleged proof of publication does not reflect that the notice of sale was published pursuant to chapter 45, because it does not prove that said notice of sale was published for two consecutive weeks, i.e. 14 consecutive days.

This is factual because the alleged affidavit from the legal clerk of the Broward Daily Review ("BDR"), reveals that the first publication of the notice of sale was published on June 2, 2022. However, before the 7-day period of the June 2, 2022 publication expired, (i.e. on June 8, 2022), the second publication started on June 6, 2022. As such, the notice of sale was not published for "two consecutive weeks" (two

consecutive 7-day periods). In fact, the affidavit reveals that the first publication was for only four (4) days – June 2, 2022, June 3, 2022, June 4, 2022 and June 5, 2022. In other words, the June 6, 2022 second publication disrupted the 7-day completion of the June 2, 2022 first publication. A copy of the BDR affidavit of proof of publication, is attached hereto as Exhibit C.

Shockingly however, on June 13, 2022 (just hours before June 14, 2022 @ 10:00 AM foreclosure sale of my home), the Debtor learned (for the very first time since on or about June 6, 2022), that the August 24, 2022 foreclosure sale of her homestead and primary residence, had been cancelled and re-scheduled for June 14, 2022. Here, it's extremely important to note that the August 24, 2022 sale date was cancelled and re-scheduled for June 14, 2022 **without an order from the state Court.**

The Debtor, on June 13, 2022, and again on the morning of June 14, 2022, pleaded with the supervisor and other employees of the State court Clerk's office, representatives at the BDR, and SHOMA's attorneys, to postpone the June 14, 2022, due to the improperly published and inappropriately re-scheduled June 14, 2022 foreclosure sale. Unfortunately, the Debtor's attempts to encourage the Clerk's office, BDR, and/or SHOMA's attorney to postpone the June 14, 2022 foreclosure sale due to the publication error, fell on deaf ears.

After SHOMA's attorney and the state Court Clerk's office refuse to act on the improperly published notice of sale by cancelling the June 14, 2022 sale date, I, the Debtor Marisa Smith was left with no other choice but to seek protection from this Court by filing an emergency chapter 13 bankruptcy petition on June 14, 2022 at exactly 1:12 P.M.

3

Indeed, the very last thing I, the Debtor Marisa C. Smith wanted to do, was to file this instant bankruptcy case. In fact, since the entry of the state Court's final judgment - until June 13, 2022 (my *less than* 24 hour notification of a June 14, 2022 foreclosure sale), I was preparing to verify and thereafter, pay off SHOMA's May 25, 2022 final judgment.

ARGUMENT

It appears that Creditor, SHOMA is seeking relief from the automatic stay pursuant to §§ 362(d), of the Bankruptcy Code, which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> >
> > > (A) the debtor does not have an equity in such property; and
> > > (B) such property is not necessary to an effective reorganization;

**Bad Faith**

A. Section 362(d)(1)

> A party seeking relief from the automatic stay must make a prima-facie showing of cause after which the burden shifts to the opposing party to prove its entitlement to the continued protections of the stay. *Froman v. Fein*, 566 B.R. 641, 652 (S.D.N.Y. 2017). Because the Bankruptcy Code does not define cause, the determination of whether to grant relief from the stay based on cause is a discretionary one which is made on a case by case basis. *In re Boardwalk, Inc.*, 520 B.R. 126, 132 (Bankr. M.D. Fla. 2014). Yes, it is true that the filing of a bankruptcy petition in bad faith constitutes cause pursuant to § 362(d)(1) to lift the automatic stay. *In re Phoenix Picadilly*, 849 F.2d 1393, 1394 (11th Cir. 1988).

Although SHOMA does not clearly indicate in its Motion for Relief from Stay what it believes constitutes cause in this instant case, presumably the cause to which it

vaguely refers to is the filing of this instant case allegedly in "bad faith"; and SHOMA's alleged lack of adequate protection.

Indeed, the debtor has filed two (2) bankruptcy petitions (within the last four (4) years) prior to filing this instant case. However, unlike the previous two cases, I, the Debtor had no intentions, plans, or any inclinations whatsoever of filing this instant case – that is, until I received less than 24 hour notice on June 13, 2022 that my home (which values at nearly $600,000.00 dollars) would be sold the very next morning (June 14, 2022) for approximately $34,000 via a public auction.

Contrary to SHOMA's attorney's unverified statement that "the present case was filed in bad faith", this instant case was filed as an emergency to stop a foreclosure sale which was rescheduled (in bad faith) from August 24, 2022 to June 14, 2022, and done so, without a state Court order and without notice to me, the Debtor. In fact, I, the Debtor did not learn of the rescheduling of the foreclosure sale from August 24th to June 14th, until June 13, 2022 – one day before that June 14th foreclosure sale date.

Thus, prior to June 13, 2022 (my 24 hour notice of the June 14, 2022 sale date), I had no reason, and thus, no intentions whatsoever of filing this current chapter 13 bankruptcy case. Additionally, the reason I filed this case late in the afternoon of June 14, 2022, is because on June 13, 2022 and the morning of June 14, 2022, I pleaded with the Clerk of the state court, the Broward Daily Review representative, and/or SHOMA's attorney, to acknowledge that compliance with the publication provisions of F.S. 45.031, did not occur.

Thus, prior to filing this un-intended bankruptcy case, I exhausted every possible avenue to save my home from a last-minute and un-noticed foreclosure sale rescheduling – a rescheduling that occurred without a Court order.

Therefore, this case was not filed in bad faith and as such, the Debtor is requesting this Court to deny SHOMA's request for stay relief and to allow me one final opportunity to reorganize my debts. Specifically, the Debtor is requesting the Court find that this case was not filed in bad faith, and that SHOMA, therefore, is not entitled to relief from the stay pursuant to § 362(d).

**Adequate Protection**

Section 362(d)(2) provides that:

A party seeking relief from the automatic stay under § 362(d)(2) must show that the debtor has no equity in the property at issue, after which the burden shifts to the debtor to show that the property is necessary to an effective reorganization. 11 U.S.C. § 362(g).

SHOMA's motion for relief from stay indicates that it is allegedly owed approximately $34,186.73 dollars as of the petition date. [ECF No. 19-1]. Additionally, there is a 1999 mortgage on the subject property with a balance due of approximately $360,000 dollars. Clearly, SHOMA's own filings reflects that the Broward County Property Appraiser's valuation of the subject property at $528,410.00 dollars. [ECF No. 19-4]. As such, SHOMA has failed to prove that there is no equity in the subject Property. Even if it had, however, because the Property is my home, it is clearly necessary for an effective reorganization. In short, the Debtor proposes to adequately protect SHOMA's alleged security

interest with the equity in the subject property. As such, the Debtor is respectfully requesting that this Court does not lift the stay pursuant to § 362(d)(2).

**The Foreclosure Sale**

The Debtor agrees with SHOMA that this chapter 13 bankruptcy case was filed on June 14, 2022 at exactly **1:12 PM** which immediately stayed all judicial proceedings against me, the Debtor including the certificate of sale that was filed by the clerk of the state Court on June 14, 2022 at exactly **2:04:26 PM.** Clearly, the June 14, 2022 certificate of sale was filed 52 minutes "post-petition", and as such, violates the aforementioned Automatic Stay. A copy of the Clerk of the state Court's June 14, 2022 certificate of sale is filed as an attachment to SHOMA's July 1, 2022 motion for Relief from Stay [ECF No. 19-3].

Here in Florida, it is well settled that a foreclosure sale is not "complete" until the Clerk files a certificate of sale. See *In re Jaar*, 186 BR 148 (Bankr. Court, MD Florida 1995); *Garcia v. Rivas*, Dist. Court, SD Florida 2016 (Case No. 15-Civ-21274-COOKE); *In re Fothergill*, 293 BR 263 (Bankr. Court, SD Florida 2003); and *In re Reid*, 200 BR 265 (Bankr. Court, SD Florida 1996).

SHOMA's failure to immediately vacate the June 14, 2022 foreclosure sale, is a *willful* violation of the Automatic Stay provisions. *See In re Keen*, 301 B.R. 749 (Bankr. S.D. Fla 2003).

Although SHOMA violated the automatic stay by not immediately moving to vacate the June 14, 2022 foreclosure sale, that in-action, in itself, may or may not have been a "willful" stay violation. However, on June 16, 2022, SHOMA was well aware of the automatic stay when, on that same day, I, the Debtor filed a suggestion of bankruptcy

7

and simultaneously served SHOMA with a copy of that suggestion – as such, SHOMA received actual notice of this bankruptcy case on or before June 16, 2022.

Therefore, on June 16, 2022, once notice was given that bankruptcy relief had been filed on June 14 at exactly **1:12 PM**, SHOMA had an affirmative duty to undo the violation of the stay – i.e., to undo the June 16, 2022 certificate of sale, which was clearly entered 52 minutes *after* the June 14, 2022 bankruptcy petition.

Several courts, including those here in the Southern District of Florida, have held that the failure to take action to undo an *innocent* violation of the automatic stay constitutes a *willful* violation of the stay. *See In re Keen*; Also see *In re Taylor*, 190 B.R. 459 (Bankr. S.D. Fla 1995).

**WHEREFORE**, Debtor Marisa C. Smith is hereby respectfully requesting this court to deny Creditor Shoma Homes at Nautica Single Family Neighborhood, Inc.'s Motion for Relief from Stay and for any such further relief as this Honorable Court deems just and proper.

### Verification

**Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged herein are true and correct to the best of our knowledge and belief.**

_/s/ Marisa C. Smith_
Marisa C. Smith
3809 S.W. 164th Terrace
Miramar, Florida 33027

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been provided by U.S. Mail, electronic mail and/or the Electronic Case Filing system on this 15th day of July, 2022 to the Creditor 's Shoma Homes at Nautica Single Family

Neighborhood, Inc.'s Attorney at:

**HOFFMAN, LARIN & AGNETTI, P.A.**
*Counsel for Shoma*
909 North Miami Beach Boulevard, Suite 201
North Miami Beach, Florida 33162
mshoffman@hlalaw.com

_____
Marisa C. Smith

# Exhibit A

**BRENDA D. FORMAN**
**Broward County Clerk of the Courts**
OFFICIAL FORECLOSURE SALE SITE

Home    About Us    FAQ    Contact Us    Log Off

Wednesday August 24, 2022

<<Previous Auction    Current    Next Auction >>

Pursuant to new legislation effective July 1, 2008, F. S. 45.031(10), the Clerk may conduct the sale of real or personal property under an order or judgment by electronic means.

## Running Auctions

There are no cases currently being auctioned.

## Auctions Waiting

page 1 of 1

| | | |
|---|---|---|
| **Auction Starts** | **Auction Type:** | **FORECLOSURE** |
| 08/24/2022 10:00 AM ET | **Case #:** | **CACE-20-015682** |
| | **Final Judgment Amount:** | $0.00 |
| [Place Bid] | **Parcel ID:** | |
| | **Plaintiff Max Bid:** | $0.00 |
| **My Proxy Bid** | | **Name on Title (Nickname)** |
| $0.00 | | **Lorenzo Allen** |

| | | |
|---|---|---|
| **Auction Starts** | **Auction Type:** | **FORECLOSURE** |
| 08/24/2022 10:00 AM ET | **Case #:** | **CACE-21-014693** |
| | **Final Judgment Amount:** | $0.00 |
| [Place Bid] | **Parcel ID:** | |
| | **Plaintiff Max Bid:** | $0.00 |
| **My Proxy Bid** | | **Name on Title (Nickname)** |
| $0.00 | | **Lorenzo Allen** |

page 1 of 1

# Exhibit B

**BRENDA D. FORMAN**
Broward County Clerk of the Courts
OFFICIAL FORECLOSURE SALE SITE

Home   About Us   FAQ   Contact Us   Log Off

Tuesday June 14, 2022

<< Previous Auction    Current    Next Auction >>

Pursuant to new legislation effective July 1, 2008, F. S. 45.031(10), the Clerk may conduct the sale of real or personal property under an order or judgment by electronic means.

## Running Auctions

There are no cases currently being auctioned.

## Auctions Waiting

< PRE  page 2  of 3  NEXT >

| Auction Starts 06/14/2022 10:00 AM ET | Auction Type: | FORECLOSURE |
|---|---|---|
| | Case #: | CACE-19-001672 |
| | Final Judgment Amount: | $382,133.50 |
| | Parcel ID: | 484213060680 |
| [Place Bid] | Property Address: | 1501 NE 40 ST POMPANO BEACH, 33064 |
| | Plaintiff Max Bid: | $382,133.50 |

| My Proxy Bid | Name on Title (Nickname) |
|---|---|
| $0.00 | Lorenzo Allen |

| Auction Starts 06/14/2022 10:00 AM ET | Auction Type: | FORECLOSURE |
|---|---|---|
| | Case #: | CACE-19-002985 |
| | Final Judgment Amount: | $314,904.44 |
| | Parcel ID: | 494116012110 |
| [Place Bid] | Property Address: | 8221 NW 46 ST LAUDERHILL, 33351 |
| | Plaintiff Max Bid: | $314,904.44 |

| My Proxy Bid | Name on Title (Nickname) |
|---|---|
| $0.00 | Lorenzo Allen |

| Auction Starts 06/14/2022 10:00 AM ET | Auction Type: | FORECLOSURE |
|---|---|---|
| | Case #: | CACE-19-013813 |
| | Final Judgment Amount: | $358,049.33 |
| | Parcel ID: | 484235100040 |
| [Place Bid] | Property Address: | 700 NW 3 AVE POMPANO BEACH, 33060 |
| | Plaintiff Max Bid: | $358,049.33 |

| My Proxy Bid | Name on Title (Nickname) |
|---|---|
| $0.00 | Lorenzo Allen |

| Auction Starts 06/14/2022 10:00 AM ET | Auction Type: | FORECLOSURE |
|---|---|---|
| | Case #: | CACE-19-019398 |
| | Final Judgment Amount: | $396,686.40 |
| | Parcel ID: | 514207094120 |

| | | |
|---|---|---|
| [Place Bid] | **Property Address:** | 4621 JOHNSON ST<br>HOLLYWOOD, 33021 |
| | **Plaintiff Max Bid:** | $396,686.40 |

| **My Proxy Bid** | | **Name on Title (Nickname)** |
|---|---|---|
| $0.00 | | Lorenzo Allen |

| **Auction Starts**<br>06/14/2022 10:00 AM ET<br>[Place Bid] | **Auction Type:**<br>**Case #:**<br>**Final Judgment Amount:**<br>**Parcel ID:**<br>**Property Address:**<br>**Plaintiff Max Bid:** | **FORECLOSURE**<br>**CACE-19-023844**<br>$89,945.62<br>494124GD0150<br>3506 NW 49 AVE 415<br>LAUDERDALE LAKES, 33319<br>$89,945.62 |
|---|---|---|

| **My Proxy Bid** | | **Name on Title (Nickname)** |
|---|---|---|
| $0.00 | | Lorenzo Allen |

| **Auction Starts**<br>06/14/2022 10:00 AM ET<br>[Place Bid] | **Auction Type:**<br>**Case #:**<br>**Final Judgment Amount:**<br>**Parcel ID:**<br>**Property Address:**<br>**Plaintiff Max Bid:** | **FORECLOSURE**<br>**CACE-20-002190**<br>$119,580.07<br>514203AH0150<br>1024 SE 3 AVE 301<br>DANIA BEACH, 33004<br>$119,580.07 |
|---|---|---|

| **My Proxy Bid** | | **Name on Title (Nickname)** |
|---|---|---|
| $0.00 | | Lorenzo Allen |

This item has complimentary physical valuation reports and title information.

| **Auction Starts**<br>06/14/2022 10:00 AM ET<br>[Place Bid] | **Auction Type:**<br>**Case #:**<br>**Final Judgment Amount:**<br>**Parcel ID:**<br>**Property Address:**<br>**Plaintiff Max Bid:** | **FORECLOSURE**<br>**CACE-20-002439**<br>$249,565.74<br>484215050060<br>950 NW 49 CT<br>DEERFIELD BEACH, 33064<br>$249,565.74 |
|---|---|---|

| **My Proxy Bid** | | **Name on Title (Nickname)** |
|---|---|---|
| $0.00 | | Lorenzo Allen |

| **Auction Starts**<br>06/14/2022 10:00 AM ET<br>[Place Bid] | **Auction Type:**<br>**Case #:**<br>**Final Judgment Amount:**<br>**Parcel ID:**<br>**Property Address:**<br>**Plaintiff Max Bid:** | **FORECLOSURE**<br>**CACE-20-004737**<br>$285,072.73<br>504131021280<br>10453 SW 50 PL<br>COOPER CITY, 33328<br>$285,072.73 |
|---|---|---|

| **My Proxy Bid** | | **Name on Title (Nickname)** |
|---|---|---|
| $0.00 | | Lorenzo Allen |

| **Auction Starts**<br>06/14/2022 10:00 AM ET<br>[Place Bid] | **Auction Type:**<br>**Case #:**<br>**Final Judgment Amount:**<br>**Parcel ID:**<br>**Property Address:**<br>**Plaintiff Max Bid:** | **FORECLOSURE**<br>**CACE-20-014738**<br>$25,296.91<br>514032062110<br>16891 SW 49 CT<br>MIRAMAR, 33027<br>$25,296.91 |
|---|---|---|

| My Proxy Bid | Name on Title (Nickname) |
|---|---|
| $0.00 | Lorenzo Allen |

| Auction Starts | Auction Type: | FORECLOSURE |
|---|---|---|
| 06/14/2022 10:00 AM ET | Case #: | CACE-21-005438 |
| | Final Judgment Amount: | $17,531.52 |
| | Parcel ID: | 484123AB2710 |
| [ Place Bid ] | Property Address: | 3060 HOLIDAY SPRINGS BLVD 17-2 |
| | | MARGATE, 33063 |
| | Plaintiff Max Bid: | $17,531.52 |

| My Proxy Bid | Name on Title (Nickname) |
|---|---|
| $0.00 | Lorenzo Allen |

page 2 of 3

## Auctions Closed or Canceled

page 1 of 1

| Auction Status | Auction Type: | FORECLOSURE |
|---|---|---|
| Canceled per County | Case #: | CACE-19-008134 |
| | Final Judgment Amount: | $467,442.82 |
| | Parcel ID: | 484106070630 |
| | Property Address: | 5949 NW 125 AVE |
| | | CORAL SPRINGS, 33076 |
| | Plaintiff Max Bid: | $467,442.82 |

| | Name on Title (Nickname) |
|---|---|
| | Lorenzo Allen |

| Auction Status | Auction Type: | FORECLOSURE |
|---|---|---|
| Canceled per County | Case #: | CACE-20-013535 |
| | Final Judgment Amount: | $404,461.97 |
| | Parcel ID: | 484135010260 |
| | Property Address: | 340 NW 69 TER |
| | | MARGATE, 33063 |
| | Plaintiff Max Bid: | $404,461.97 |

| | Name on Title (Nickname) |
|---|---|
| | Lorenzo Allen |

page 1 of 1

# Exhibit C

**BROWARD**

**STATE OF FLORIDA**
**COUNTY OF BROWARD:**

Before the undersigned authority personally appeared SCHERRIE A. THOMAS, who on oath says that he or she is the LEGAL CLERK, of the Broward Daily Business Review f/k/a Broward Review, a daily (except Saturday, Sunday and Legal Holidays) newspaper, published at Fort Lauderdale, in Broward County, Florida; that the attached copy of advertisement, being a Legal Advertisement of Notice in the matter of

CACE-20-015682 21
NOTICE OF SALE PURSUANT TO CHAPTER 45
SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD ASSOCIATION, INC.,
VS. MARISA C. SMITH

in the CIRCUIT Court,
was published in said newspaper by print in the issues of and/or by publication on the newspaper's website, if authorized, on

06/02/2022 06/06/2022

Affiant further says that the newspaper complies with all legal requirements for publication in chapter 50, Florida Statutes.

*(signature)*

Sworn to and subscribed before me this
6 day of JUNE, A.D. 2022

*(signature)*

(SEAL)
SCHERRIE A. THOMAS personally known to me

BARBARA JEAN COOPER
Notary Public - State of Florida
Commission # GG 292953
My Comm. Expires Jan 21, 2023
Bonded through National Notary Assn.

---

**NOTICE OF SALE PURSUANT TO CHAPTER 45**
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-20-015682 (21)
SHOMA HOMES AT NAUTICA SINGLE FAMILY NEIGHBORHOOD ASSOCIATION, INC., a Florida non-profit corporation,
Plaintiff,
v.
MARISA C. SMITH,
Defendants.

NOTICE IS HEREBY GIVEN that pursuant to a Final Summary Judgment of Foreclosure dated May 25, 2022 entered in the above-styled cause now pending in said court, that I will sell to the highest and best bidder for cash on-line at https://www.broward.realforeclose.com/index.cfm at 10:00 AM on June 14, 2022 the following described property:

LOT 41, BLOCK 8, OF NAUTICA PLAT, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 164, PAGE 36, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA;
a/k/a 3809 S.W. 164th Terrace, Miramar, Florida 33027.

ANY PERSON CLAIMING AN INTEREST IN THE SURPLUS FROM THE SALE, IF ANY, OTHER THAN THE PROPERTY OWNER AS OF THE DATE OF THE LIS PENDENS, MUST FILE A CLAIM WITHIN 60 DAYS AFTER THE SALE.

Dated: May 25, 2022
**BAKALAR & ASSOCIATES, P.A.**
Attorneys for Plaintiff
12472 W. Atlantic Blvd.
Coral Springs, FL 33071
Tel: 954-475-4244
Fax: 954-475-4994
E-mail: rpiccin@assoc-law.com
By: **RAYMOND A. PICCIN, ESQ.**
Florida Bar No.: 156159

ANY PERSON CLAIMING AN INTEREST IN THE SURPLUS FROM THE SALE, IF ANY, OTHER THAN THE PROPERTY OWNER AS OF THE DATE OF THE LIS PENDENS, MUST FILE A CLAIM WITHIN 60 DAYS AFTER THE SALE.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.
6/2-6                22-13/0000600263B

---