

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:  
MARISA CHANILE SMITH  
    Debtor  
_____/

Case No: 22-14583-SMG  
Chapter 13

### MOTION FOR RECONSIDERATION ON ORDER GRANTING STAY RELIEF EFFECTIVE AS OF THE PETITION DATE

The Debtor, MARISA CHANILE SMITH, Pro Se litigant moves for entry of an Order permitting the continuation of the automatic stay of my Chapter 13 case, for reconsideration of relief of stay effective as of the petition date and for cause states as follows:

1. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on June 14, 2022 which should have initially stayed the imminent foreclosure sale of my homestead property prior to any sale completion or issuance of certificate of sale.

2. The debtor is seeking to overcome the order entered July 29, 2022 and granting relief from stay by submitting this request. Debtor is showing good cause that a reorganization plan has a reasonable chance of confirmation and success. Debtor attempted to file this Motion on August 12, 2022 but was unsuccessful due to fees being owed and debtor had no debt card to submit payment since it was compromised.

3. On June 06, 2022, my attorney did not prevail in this case. My attorney waited approximately 19 days to contacted me which was June 25, 2022 to inform me that he did not prevail in the case and my home was going to be foreclosed. This provided me no opportunity to dispute the judgment amount at this time. Also he

stated he did not see the June 06, 2022 order and he never updated me after and stated there will possibly be no July 14, 2022 sale date. I then reviewed the docket and notice there was no order but I had an acquaintance verified the information and there was an August 24, 2022 sale date. I figure I had time to sort through this confusion.

4. The sale was set for August 24, 2022, however last minute or the day before, the sale was re-set giving just a day notice and moved to June 14, 2022. In addition to the sale of my homestead property. I was surprised over the judgement amount.

5. In bankruptcy court, Shoma counsel made a statement that they have not received but $3000 from 2015. Because of Shoma counsel statement this legal pleading should be stricken due to this false or misrepresentation of facts or statement.

6. There should be a reconsideration in this matter especially since in my bankruptcy case in 2020 the trustee sent a substantial amount over $3000 and a judgment in 2019 was satisfied as of 2019. I also have cancelled checks total amounts that were sent and cleared after 2019 satisfaction of judgement.

7. Debtor is requesting this honorable judge to eliminate all of this pleading of the opposition on for misleading the court that Debtor is filing a Chapter 7 Bankruptcy when it is a Chapter 13 Bankruptcy and also for misrepresentation by Shoma Counsel that only $3000 was paid from 2015, especially when there was a satisfaction of judgment in 2019 or as of 2019 all monies were satisfied. In addition, the Bankruptcy Trustee disbursed more than $3000 in 2020.

8. In reference to the bad faith filing, debtor asserts at no time she filed a bad faith bankruptcy to delay or defraud creditors. There is no evidence specified of a bath

faith filing. Filing bankruptcy before a money judgement is final and entered before the issuance of a certificate of sale is often to the consternation of creditors but is perfectly valid.

9. The bankruptcy filing was for a valid purpose which includes avoiding foreclosure to homestead property and for participation in the Mortgage Mediation Program and Student Loan Program.

10. To determine a good faith filing versus bad faith filing, the court must consider the totality of the circumstances based on the debt's financial condition, motives and the local financial realities. For this reason, debtor decided to file Pro- Se to be more hands-on in this matter although it is struggle and cumbersome. There must be evidence to suggest bad faith.

11. Filing subsequent or frequent bankruptcies was mentioned in the order. My bankruptcy filing in 2018 with one of the elite law office which was done in good faith however assigning a new person to a complicated case was a detriment. Also in the 2020 case, I met the attorney that I assume was working on my bankruptcy case to later assign it to a partner which there where several mishaps that is unethical to state in my motion.

12. Debtor also made in good faith preconfirmation payment to trustee.

13. The automatic stay arising from this bankruptcy proceedings should not be modified to permit Shoma Homes to complete a foreclosure sale on my property due to pending matters, errors, misrepresented statements made in Bankruptcy court by Shoma represented attorney and payments that were disbursed by trustee totaling more than what was stated.

14. Lifting the automatic stay so Shoma can proceed with a foreclosure sale with errors in the judgement amount would be a disadvantage, detriment or great harm to Debtor. Creditor failed to show supported admissible evidence or documents that asserts a valid security interest and all documents that support an assertion of lack of adequate protection or a lack of equity in the relevant property.

15. Debtor assets the bankruptcy was done in good faith. This is a Chapter 13 and not a Chapter 7 case as indicated in Shoma's Relief of Stay.

16. No party will be prejudiced if this case .

17. Lifting an automatic stay will create a great harm to debtor.

**WHEREFORE**, Debtor, MARISA CHANILE SMITH, respectfully request the entry of an Order for reconsideration for a continuance in automatic stay with good cause do Debtor can retain her home, participate in several programs through the Bankruptcy court and for whatever further relief this Honorable Court deems just and proper.

Respectfully submitted this 12th day of August 2022.

Marisa Chanile Smith
8809 SW 164 Terrace
Miramar, Florida 33027
954-446-5359