

**ORDERED in the Southern District of Florida on April 28, 2023.**

_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKTUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

MARISA CHANILE SMITH,                    Case No. 22-14583-SMG

    Debtor.                                      Chapter 13

_____/

### ORDER SANCTIONING COUNSEL UNDER FED. R. BANKR. P. 9011

On March 13, 2023, the Court entered an _Order Denying Emergency Motion to Reinstate Bankruptcy Stay and Setting Show Cause Hearing_[1] (the "Show Cause Order"), which directed Debtor Marisa Chanile Smith and her counsel Thomas Neusom, Esq. to appear at a hearing on April 5, 2023 (the "Show Cause Hearing"), to show cause why sanctions under Federal Rule of Bankruptcy Procedure 9011(c)(1)(B) should not be imposed for filing an _Emergency Motion to Reinstate the Bankruptcy_

---

[1] ECF No. 150.

*Stay*[2] (the "Motion to Reinstate Stay") with respect to this chapter 13 bankruptcy case that the Court dismissed on December 20, 2022,[3] and as to which the Court had previously denied the Debtor's motion to reconsider on January 26, 2023.[4] The Court has considered the arguments of counsel, the responses[5] filed by Mr. Neusom on behalf of himself and the Debtor, the *Notice of Filing* of time entries[6] filed by creditor Shoma Homes at Nautica Single Family Neighborhood Association, Inc. ("Shoma Homes"), and the record in this case. For the reasons discussed below, the Court will sanction Mr. Neusom for filing and prosecuting the Motion to Reinstate Stay in violation of Federal Rule of Bankruptcy Procedure 9011(b)(2).

## Background

The Debtor commenced this bankruptcy case by filing a pro se chapter 13 petition on June 14, 2022.[7] On August 2, 2022, the Court dismissed the case because the Debtor did not make her required pre-confirmation plan payments, and did not attend her required Section 341 meeting of creditors.[8] Before dismissing the case, however, on July 29, 2022, the Court granted relief from the automatic stay – retroactive to the petition date – to creditor Shoma Homes[9] (the "Shoma Homes Stay Relief Order"), and found that the Debtor filed this case in bad faith because, among

---

[2] ECF No. 143.
[3] ECF No. 115.
[4] ECF No. 130.
[5] ECF Nos. 155, 157
[6] ECF No. 154.
[7] ECF No. 1.
[8] ECF No. 51.
[9] ECF No. 48.

other things, this was the Debtor's third bankruptcy case since 2018,[10] it was filed without many of the required documents, the Debtor failed to appear at her meeting of creditors, and she had not made any preconfirmation payments under her Chapter 13 plan.[11] On August 15, 2022, the Debtor moved to reconsider the Shoma Homes Stay Relief Order,[12] and to reinstate her case.[13] On September 17, 2022, the Court granted the Debtor's motion to reinstate her case,[14] but on October 3, 2022, the Court denied her motion to reconsider the Shoma Homes Stay Relief Order.[15] On October 17, 2022, the Debtor filed a notice of appeal of the order denying her motion to reconsider.[16]

On December 7, 2022 – more than two months after the Court denied her motion to reconsider, and over four months after the Court had granted Shoma Homes stay relief – the Debtor filed an "emergency" motion for stay pending appeal of the Shoma Homes Stay Relief Order.[17] On December 20, 2022, the Court entered a comprehensive *Order (I) Denying Confirmation of Chapter 13 Plan, (II) Dismissing Case, (III) Denying Motion for Stay Pending Appeal, (IV) Sustaining Objection to Exemptions, and (V) Denying All Other Pending Motions as Moot*[18] (the "Second

---

[10] *See* Case No. 18-22792-JKO (filed October 15, 2018); Case No. 19-23650-PDR (filed October 11, 2019). The Debtor has since filed a fourth bankruptcy case, Case No. 23-12924-PDR, on April 14, 2023.

[11] *Id.*

[12] ECF No. 55.

[13] ECF No. 54.

[14] ECF No. 63.

[15] ECF No. 72.

[16] ECF No. 75. That appeal was assigned U.S. District Court Case Number: 0:22-cv-61931-RKA.

[17] ECF No. 108.

[18] ECF No. 115.

Dismissal Order") in which it, among other things, denied the Debtor's "emergency" motion for stay pending appeal of the Shoma Homes Stay Relief Order.

On January 3, 2023, the Debtor filed a motion to reconsider the Second Dismissal Order.[19] After a hearing on January 19, 2023,[20] the Court entered an *Order Denying Pro Se Debtor's Motion to Reconsider*[21] (the "Order Denying Reconsideration") on January 26, 2023. The Debtor then filed a Notice of Appeal of this Order on February 10, 2023.[22] The Debtor did not, however, file any motion for stay pending appeal with this Court under Federal Rule of Bankruptcy Procedure 8007(a).

## The Motion to Reinstate Stay

On February 28, 2023 – after the Court had granted Shoma Homes stay relief,[23] denied the Debtor's motion to reconsider that order,[24] denied the Debtor's motion for stay pending the appeal of that order,[25] dismissed her bankruptcy case,[26] and denied her motion for reconsideration of the dismissal order[27] – Mr. Neusom entered an appearance in this case as counsel for the Debtor[28] and filed the Motion to Reinstate Stay.[29] Mr. Neusom then self-calendared the Motion to Reinstate Stay

---

[19] ECF No. 117.
[20] ECF No. 118.
[21] ECF No. 130.
[22] ECF No. 132. This appeal was assigned U.S. District Court Case Number: 0:23-cv-60273-RS.
[23] ECF No. 48.
[24] ECF No. 72.
[25] ECF No. 115.
[26] *Id.*
[27] ECF No. 130.
[28] ECF No. 142.
[29] Notwithstanding its title, Mr. Neusom docketed the motion as a "Motion to Stay" the Order Denying Reconsideration.

for a hearing on April 13, 2023,[30] despite it being filed as an "emergency" motion. But because it was denominated as an "emergency" motion, the Clerk of Court rescheduled the hearing for March 8, 2023,[31] so that the Court could consider the relief requested on an emergency basis.

As the Court pointed out to Mr. Neusom at the March 8, 2023 hearing, the Motion to Reinstate Stay was rambling and incoherent, and not something the Court would expect from an attorney licensed to practice law in the State of Florida. The motion began by asking the Court to "reinstate the Bankruptcy Stay"[32] – presumably asking the Court to reinstate the automatic stay created by Bankruptcy Code section 362(a) – without citing to any authority for this relief.[33] The motion then quotes Federal Rule of Bankruptcy Procedure 8025. But Rule 8025 has no applicability here; it governs stays of a District Court or Bankruptcy Appellate Panel judgment, not judgments or orders of the Bankruptcy Court. Amid quoting Rule 8025, the motion then inserts four lines of argument that can only be described as a non sequitur, before resuming its full quote of the remainder of Rule 8025.[34]

Pages three and four of the motion then discuss – without any context – the equity of redemption under Florida law. The motion goes on to cite Federal Rules of Bankruptcy Procedure 8024 and 8026, neither of which have any applicability in

---

[30] ECF No. 144.
[31] ECF No. 145.
[32] ECF No. 143, at 1.
[33] Presumably Mr. Neusom did not cite any authority for this relief because no such authority exists. Under Bankruptcy Code section 362(c)(2)(B), the automatic stay terminates when a bankruptcy case is dismissed.
[34] ECF No. 143, at 2.

proceedings before the Bankruptcy Court.[35] After citing those inapplicable rules, the motion then addresses "reinstating an appeal."[36] But at the time Mr. Neusom filed the Motion to Reinstate Stay, both of the Debtor's appeals in the District Court were still pending, so there was nothing to reinstate (and of course to the extent this might have been an appropriate request for relief, such relief should have been sought in the District Court where these appeals were pending).

The motion then argues that the Bankruptcy Court was wrong to have found that this case was filed in bad faith. This may be a legitimate argument for an appeal. But it is not an appropriate argument to make to this Court when this Court has already dismissed this case as a bad faith filing, granted Shoma Homes stay relief, and denied reconsideration of both rulings. Next the motion raises substantive arguments about state court foreclosure proceedings, including a statute of limitations argument. The motion then addresses for the first time a state court appeal that is pending, and argues that "the Stay should be reinstated, for an abuse of discretion."[37] The rest of pages five and six of the motion again contain rambling, incoherent non sequiturs, replete with numerous typographical errors, which then segue into more argument about state court foreclosure proceedings. Page seven then appears to list several state court docket entries, interspersed with arguments challenging state court foreclosure proceedings – including some arguments written

---

[35] Rule 8024 discusses the duties of the Clerk of the District Court or the BAP in disposing of a bankruptcy appeal, and Rule 8026 addresses local rules relating to bankruptcy appeals.
[36] ECF No. 143, at 4.
[37] *Id.* at 5.

in the first person (suggesting, perhaps, that the Debtor and not Mr. Neusom actually wrote the motion).[38]

On page eight, the motion then makes arguments about Florida rules of civil procedure (which do not apply in federal court). On pages nine through fifteen, the motion (again, replete with typographical errors and formatting issues that render it nearly unreadable) gets back to at least arguing about the propriety of this Court's ruling denying the Debtor's motion for reconsideration of the Shoma Homes Stay Relief Order. But as discussed, with this Court having already denied her motions for reconsideration, these arguments lie – if at all – with the District Court, where her appeals are pending.

The motion then requests that "This Court should reverse and rem and [sic] the Bankruptcy Court's July 29, 2022 and October 3, 2022 orders,"[39] and then states:

> Marisa C. Smith hereby respectfully requests that this Court enter an order reversing and rem aiding [sic] the Bankruptcy court's July 29,2022 [sic] order granting Appellee's Motion for Relief from Stay (retroactively),andits [sic] October3,2022 [sic] order denying Appellant's Motion for Reconsideration, and for any further relief the Court deems just and proper

After that prayer for relief comes another non sequitur: argument about what must be in an emergency motion to stay a writ of possession under state law. The Motion to Reinstate Stay concludes by asking for the following relief:

> Debtor needs a stay due to a writ of possession in state court and for other reasons such as herb [sic] objections not being heard. The

---

[38] Regardless, Mr. Neusom signed, filed, and argued the Motion to Reinstate Stay.
[39] While this Court can reconsider its own orders (it has declined to do so here), it cannot "reverse and rem[and] itself."

irregularities and illegalitys [sic] in the state court matter are many and a stay from the bankruptcy court is needed.[40]

The motion then closes with a citation to and certification under Federal Rule of Civil Procedure 11,[41] electronically signed by Mr. Neusom, which states:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### The March 8, 2023 Hearing

At the March 8, 2023 hearing on the Motion to Reinstate Stay, the Court repeatedly asked Mr. Neusom how it even had subject matter jurisdiction to entertain the requested relief, since it had already granted stay relief to Shoma Homes (and denied reconsideration of that order and denied a stay pending appeal), and then dismissed the case (and denied reconsideration of that order), both of which orders were on appeal to the District Court. The Court also repeatedly inquired of Mr. Neusom as to how and why he filed the Motion to Reinstate Stay, with its numerous legal, grammatical, formatting, and other deficiencies. He could not provide a cogent answer to either question, only responding, in essence, that there was an upcoming hearing in state court at which the Debtor might lose her home,

---

[40] ECF No. 143, at 16.

[41] In bankruptcy cases, however, Federal Rule of Civil Procedure 11 does not apply. Instead, its close analogue, Federal Rule of Bankruptcy Procedure 9011, applies.

and this was therefore an "emergency" request to ask the Bankruptcy Court to "reinstate" her bankruptcy case and the automatic stay.

After hearing from Mr. Neusom, the Court then heard argument from counsel for Shoma Homes, Michael Hoffman, Esq. Mr. Hoffman advised the Court that when the Motion to Reinstate Stay had originally been set for hearing on April 13, Shoma Homes intended to serve a "safe harbor" 21-day letter on Mr. Neusom under Federal Rule of Bankruptcy Procedure 9011(c)(1)(A). But because the Court rescheduled the hearing to accommodate the Debtor's request for emergency consideration, Shoma Homes could not timely comply with the 21-day rule. Accordingly, Mr. Hoffman suggested that the Court set a further hearing to consider imposition of sanctions on the Court's own initiative under Federal Rule of Bankruptcy Procedure 9011(c)(1)(B).

The Court then announced on the record that the Motion to Reinstate Stay would be denied on the merits and for lack of subject matter jurisdiction, based on two final orders (one granting stay relief to Shoma Homes and the other dismissing the Debtor's case), both of which are on appeal to the District Court.[42] The Court then set a further hearing for April 5, 2023, at which Mr. Neusom and the Debtor were to show cause why they should not be sanctioned under Rule 9011 for filing the Motion to Reinstate Stay.[43] The Court further required that Shoma Homes file a statement of its attorneys' fees and costs incurred in connection with the Motion to Reinstate Stay on or before March 25, 2023, and required that the Debtor and Mr. Neusom file

---

[42] The filing of a notice of appeal confers jurisdiction on the appellate court and divests the trial court "of its control over those aspects of the case involved in the appeal." *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

[43] ECF No. 150.

a written response explaining why sanctions should not be imposed under Rule 9011(c)(1)(B), and detailing any objections to Shoma Homes' requests for fees and costs, by March 31, 2023.[44]

### The Debtor and Mr. Neusom's Response, and Shoma Homes' Time Entries

Shoma Homes filed its *Notice of Filing* of its attorneys' time entries[45] on Monday, March 27, 2023. Mr. Neusom then filed what was effectively a response[46] to the Show Cause Order – but which was titled as a Motion for Recusal[47] – on March 31, 2023, and then filed a supplement[48] to his response on April 4, 2023.

### The Show Cause Hearing

The Court conducted the Show Cause Hearing on April 5, 2023. Mr. Neusom appeared at the hearing, along with attorney Michael Hoffman for Shoma Homes, attorney Joanna Tempone for the chapter 13 trustee, and attorney Martin Ochs from the Office of the United States Trustee. The Court heard argument from Mr. Neusom as to why he should not be sanctioned, including that Mr. Hoffman, on behalf of Shoma Homes, belatedly filed his time entries. Mr. Hoffman asserted that he timely filed the time entries because the original deadline fell on a weekend, and he filed the time entries on the next business day. Finally, Mr. Neusom stated that he was withdrawing his request for recusal. At the conclusion of the hearing, the Court took the matter under advisement.

---

[44] *Id.*
[45] ECF No. 154.
[46] ECF No. 155.
[47] The Clerk issued a Notice to Filer of Apparent Filing Deficiency with respect to this "response," directing Mr. Neusom to "refile the pleading using the correct event." Mr. Neusom never cured this deficiency and did not properly refile the motion as a motion to recuse.
[48] ECF No. 157.

## Shoma Homes' Time Entries Were Tardy

To begin, the Court agrees with Mr. Neusom that Mr. Hoffman's time entries were filed late. Federal Rule of Bankruptcy Procedure 9006(a)(1) provides that "in computing any time period specified in . . . [a] court order, *[w]hen the period is stated in days or a longer unit of time*: . . . (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."[49] Here, the deadline was not "stated in days or a longer unit of time." The deadline was a date certain – March 25, 2023. Because it was a date certain, Rule 9006(a)(1) does not apply. Thus, Mr. Hoffman was required to file his time entries on or before that date, which he failed to do. Accordingly, the Court will not consider his untimely time entries as evidence of the attorneys' fees incurred by Shoma Homes in responding to the Motion to Reinstate Stay. And because there is no evidence before the Court of the attorneys' fees incurred by Shoma Homes, the Court will not award any attorneys' fees to Shoma Homes.

## Sanctions Under Rule 9011(c)(1)(B)

Although the Court does not have sufficient evidence to award attorneys' fees to Shoma Homes, based on the record in this case – including Mr. Neusom's responses to the Order to Show Cause – the Court concludes that sanctions are nevertheless required here. Simply put, for the reasons discussed above, the legal contentions in the Motion to Reinstate Stay were not warranted by existing law or by a nonfrivolous

---

[49] Fed. R. Bankr. P. 9006(a)(1) (emphasis added).

argument for the extension, modification, or reversal of existing law or the establishment of new law, in violation of Federal Rule of Bankruptcy Procedure 9011(b)(1)(2). Indeed, the Motion to Reinstate Stay demonstrated a fundamental misunderstanding of applicable bankruptcy law, rules, and procedure,[50] and was drafted in a manner unbefitting a member of the Florida Bar. While Courts must afford a liberal construction to pleadings and motions filed by pro se litigants,[51] Courts are not required to do so for pleadings and motions filed by lawyers.[52]

While given a chance to explain himself and demonstrate why he should not be sanctioned, Mr. Neusom responded by filing a motion for recusal. At the Show Cause Hearing, however, Mr. Neusom stated that he did not wish to proceed with his motion for recusal (which the Clerk's office had flagged as a deficient filing, and which was never timely rectified, so it would not have been acted upon anyway).[53] Indeed, it was only in his tardy *Supplement to the Opposition*[54] (the "Supplement") that

---

[50] To be qualified to practice in this Court, a lawyer must, among other qualifications, "read and remain familiar with [the Local] rules, administrative orders, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, The Florida Bar's Rules of Professional Conduct, and the Bankruptcy Code." Local Rule 2091-1(A)(2).

[51] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Motions filed by lawyers should be clear, concise, and free of typographical errors. They should be formatted and filed in accordance with the Local Rules of this Court. The Motion to Reinstate Stay satisfied none of these expectations. There is no excuse – not even for a claimed "emergency" – for an attorney to file a motion like this one.

[52] Indeed, even lawyers representing themselves are not held to this lower standard. *See Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) ("[W]e cannot afford [the appellant] the advantage of the liberal construction of his complaint normally given pro se litigants, because he is a licensed attorney."). *See also Scott v. Frankel*, 606 F. App'x 529, 531 (11th Cir. 2015).

[53] Regardless, the motion for recusal lacked any merit. It, too, failed to comply with Federal Rule of Bankruptcy Procedure 9013, by failing to "state with particularity the grounds" for recusal. Fed. R. Bankr. P. 9013. Dissatisfaction with a Court's rulings may be grounds for an appeal, but not for recusal. *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir.1994) (citing *Berger v. U.S.*, 255 U.S. 22, 31, (1921)); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). Likewise, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994).

[54] ECF No. 157.

Mr. Neusom at least offered some acknowledgment that the Motion to Reinstate Stay may have been improper.[55] Beyond that, though, he offered no plausible reason why the Court should not sanction him for the filing of – and the content of – the Motion to Reinstate Stay.

As for the Debtor, herself, because she had engaged Mr. Neusom to file and prosecute the Motion to Reinstate Stay, and because she did not file it herself pro se, the Court will not sanction her individually here. With respect to Mr. Neusom, however, his conduct fell well short of his professional obligations as a licensed attorney and officer of the Court. He therefore will be sanctioned.

Accordingly, it is **ORDERED** that:

1.      Attorney Thomas Neusom is **SANCTIONED** under Federal Rule of Bankruptcy Procedure 9011(c)(1)(B) for violating Federal Rule of Bankruptcy Procedure 9011(b)(2).

2.      By not later than **July 31, 2023**, Mr. Neusom must complete 6 hours of **<u>in person</u>** Continuing Legal Education courses, in the manner set forth in paragraph 3 below, and must file a certification of compliance with the Court within 7 days thereafter.

---

[55] Nevertheless, the Supplement still raised other meritless and unsupported arguments – again without citation to any applicable authority – that Rule 9011 sanctions are unconstitutional and violate the Debtor's civil rights, and that the "way the sanction was imposed gave the Debtor, no advance notice that the Court would even consider sanctions. Some sort of safe harbor should be given to Debtor and the monetary sanction should not be granted." *Id.* at 3. Again, that was why the Court did not issue any sanctions at the March 8, 2023 hearing and instead issued the Order to Show Cause setting the April 5, 2023 Show Cause Hearing and giving Mr. Neusom and the Debtor an opportunity to respond.

3.      Mr. Neusom may satisfy the requirement of paragraph 2 either by (a) attending the University of Miami School of Law's Bankruptcy Skills Workshop on June 9, 2023, in its entirety **in person**, from 8:00 a.m. to 4:00 p.m., or (b) taking 6 hours of any other **in-person** Continuing Legal Education courses of his choosing, consisting of at least 2 hours in professionalism, 2 hours in consumer bankruptcy law, and 2 hours in legal writing.

4.      Shoma Homes' request for attorneys' fees is **DENIED.**

5.      The Motion for Recusal[56] is **DENIED**.

6.      No sanctions are awarded against the Debtor personally.

### # # #

Copies furnished to all interested parties by the Clerk of Court

---

[56] ECF No. 155.